FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE

          Interpleader Plaintiff,

        - against -

FRANKLIN ADVISERS, INC., FRANKLIN CLO II, LTD., FRANKLIN CLO II, CORP., CDO PLUS MASTER FUND, LTD., CHASE MANHATTAN BANK LONDON NOMINEE FOR SEIRA 13, as a nominee, DEUTSCHE BANK SECURITIES INC. as a nominee, GENSEC IRELAND LIMITED as a nominee, HARE & CO. as a nominee, MAC & CO. as a nominee, MASSACHUSETTS MUTUAL LIFE INSURANCE CO. as a nominee, MERRILL LYNCH, PIERCE, FENNER & SMITH INC. as a nominee, SUN LIFE ASSURANCE CO. OF CANADA as a nominee, TEMPLETON GLOBAL ADVISORS, LTD. as a nominee, AND

"JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the beneficial owners of the Preferred Shares, the Series I Combination Security, and the Class C-2 Notes under the Indenture as more fully described in the Complaint,

          Interpleader Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERPLEADER COMPLAINT

07 CV 1746

JUDGE MARRERO



RECEIVED
FEB 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

       Interpleader Plaintiff, The Bank of New York Trust Company, N.A., as Trustee, by and through its attorneys, Bryan Cave LLP, for its Interpleader Complaint, alleges as follows:

NY/N000059/1370721.4

## NATURE OF ACTION

1. Interpleader Plaintiff, The Bank of New York Trust Company, N.A., is the trustee (the "Trustee") under the Indenture dated as of July 26, 2001 among Franklin CLO II, Ltd., as Issuer and Franklin CLO II, Corp. as Co-Issuer and the Trustee (the "Indenture").

2. Pursuant to the Indenture, certain classes of notes and securities were issued, including Series I Combination Notes, Class C-2 Notes and Preferred Shares.

3. By a Collateral Management Agreement, dated as of July 26, 2001, Franklin Advisers, Inc. ("Franklin Advisers") agreed to act as the Collateral Manager pursuant to which it undertook to perform, on behalf of the Issuer, certain duties with respect to the collateral securing the debt obligations issued pursuant to the Indenture.

4. This Interpleader is necessary because the Trustee has received notice of conflicting claims from CDO Plus Master Fund, Ltd., a preferred shareholder, indicating that it is authorized to act on behalf of the holders of a majority of preferred shares (the "Majority Preferred Shareholders") under the Indenture and Franklin Advisers, as the Collateral Manager. Specifically, the Trustee has been informed that a dispute has arisen between the Majority Preferred Shareholders and the Collateral Manager regarding the Collateral Manager's entitlement to a Contingent Collateral Management Fee on the Redemption Date of certain Notes as well as to amounts payable under the Issuer's indemnity to Franklin Advisers, as the Collateral Manager.

5. As a result, the Trustee is exposed to multiple liability with respect to its disposition of certain funds absent Court resolution of the competing claims and wishes to

extricate itself from the dispute by depositing the funds into the Court registry through this Interpleader Complaint.

## PARTIES

6. The Trustee is a national banking association with its principal place of business in Los Angeles, California.

7. Upon information and belief, Franklin CLO II, Ltd. ("Franklin Ltd." or the "Issuer"), is an exempted limited liability company incorporated under the laws of the Cayman Islands with an address at c/o Deutsche Bank (Cayman), P. O. Box 1984 GT, Elizabethan Square, Grand Cayman, Cayman Islands, BWI and is the Issuer under the Indenture.

8. Upon information and belief, Franklin CLO II, Corp. ("Franklin Corp." or the "Co-Issuer") is a corporation organized under the laws of the State of Delaware with an address at c/o Puglisi & Associates, 850 Library Avenue, Suite 204, Newark, Delaware 19711 and is the Co-Issuer under the Indenture.

9. Upon information and belief, Franklin Advisers, is a California corporation with its principal place of business at One Franklin Parkway, Building 920, 1st Floor, San Mateo, California 94403 and is the Collateral Manager.

10. Upon information and belief, CDO Plus Master Fund, Ltd., ("CDO Plus Master Fund") is an Isle of Jersey exempted corporation located at Le Masurier House, St. Helier JE2 4YE Jersey, Channel Islands and is a preferred shareholder.

11. Upon information and belief, Chase Manhattan Bank London Nominee for Seira 13 is a nominee for certain preferred shareholders of Franklin Ltd. and has an address of P.O. Box 1984GT, Elizabethan Square, Grand Cayman, Cayman Islands BWI.

12. Upon information and belief, Deutsche Bank Securities Inc., is a nominee for certain preferred shareholders of Franklin Ltd. and is located at 1251 Ave of the Americas 25th Floor New York, NY 10020.

13. Upon information and belief, Gensec Ireland Limited is a nominee for certain preferred shareholders of Franklin Ltd. and is located at 2A Parkview House, Beech Hill Road, Dublin Ireland IR 4.

14. Upon information and belief, Hare & Co., is a nominee for certain preferred shareholders of Franklin Ltd. and has an address of C/O The Bank of New York, P O Box 11203, New York, NY 10286 and C/O The Bank of New York, Income Collection Department, P O Box 11203, New York, NY 10249.

15. Upon information and belief, Mac & Co. is a nominee for certain preferred shareholders of Franklin Ltd. and has an address of Attn: MBS Income Unit, PO Box 3195, Pittsburgh, PA 15230-3195.

16. Upon information and belief, Merrill Lynch, Pierce, Fenner & Smith Inc. is a nominee for certain preferred shareholders of Franklin Ltd. and has an address of Dividend & Interest Department, 101 Hudson Street, 9th Floor, Jersey City, NJ 07302.

NY/N000059/1370721.4

17. Upon information and belief, Templeton Global Advisors, Ltd. is a nominee for certain preferred shareholders of Franklin Ltd. and has an address of P.O. Box N-7758, Lyford Cay, Nassau Bahamas.

18. Upon information and belief, Massachusetts Mutual Life Insurance Co. is the nominee for the holders of the Series I Combination Security shares of Franklin Ltd. and has an address of C/O David L. Babson & Company Inc., 1295 State Street, Springfield, MA 01111.

19. Upon information and belief, Sun Life Assurance Co. of Canada is the nominee for the holders of the Class C-2 Notes issued by Franklin Ltd. and has an address of 227 King Street South, Waterloo ON N2J4C5.

20. "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to the Trustee, are intended to be the persons or parties being the beneficial owners of the Preferred Shares, the Series I Combination Security, and the Class C-2 Notes under the Indenture.

21. The Interpleader defendants have, or may have, an interest in the funds deposited with the registry of the Court.

## SUBJECT MATTER JURISDICTION AND VENUE

22. The Court has jurisdiction over this statutory interpleader action pursuant to the provisions of 28 U.S.C. § 1335(a) because: (i) there is a diversity of citizenship between several of the claimants, including Franklin Advisers and CDO Plus Master Fund; (ii) the value

of the funds at issue exceeds $500.00; and (iii) the Trustee is depositing the amount in dispute into the registry of the Court.

23. This Court is proper venue for this action under 28 U.S.C. § 1397 because at least one claimant, Deutsche Bank Securities, Inc. is a resident within this judicial district.

## FACTS

24. The Trustee is the successor trustee to The Chase Manhattan Bank as a result of the purchase by The Bank of New York of the corporate trust business of JP Morgan Chase Bank, N.A., successor to The Chase Manhattan Bank, effective October 1, 2006.

25. Franklin Ltd. (as Issuer), Franklin Corp. (as Co-Issuer), and The Chase Manhattan Bank (as Trustee) entered into the Indenture. Pursuant to the Indenture, certain Notes and Securities were issued. A copy of the Indenture is annexed hereto as Exhibit A.

26. Pursuant to a Collateral Management Agreement, dated as of July 26, 2001 and entered into by the Issuer and Franklin Advisers (the "Collateral Management Agreement"), Franklin Advisers was appointed as the Collateral Manager of the collateral provided as security for the debt obligations issued pursuant to the Indenture. As set forth in the Collateral Management Agreement, Franklin Advisers supervises and directs the investment and reinvestment of the collateral and performs such other duties on behalf of the Issuer as is specifically delegated to Franklin Advisers in the Collateral Management Agreement and the Indenture. A copy of the Collateral Management Agreement is attached hereto as Exhibit B.

27. In January 2007, a series of directions were issued by holders of a majority of preferred shares directing the Issuer and Co-Issuer to exercise an optional redemption pursuant to Section 9.1(a) of the Indenture. Copies of those directions are attached hereto as Exhibit C.

28. Consistent with the directions issued by the holders of a majority of preferred shares, the Trustee has received from the Issuer and Co-Issuer a duly executed Issuer Certificate-Notice of Redemption certifying that the holders of a majority of the preferred shares have directed them to exercise an optional redemption pursuant to Section 9.1(a) of the Indenture. A copy of the Issuer Certificate-Notice of Redemption is attached hereto as Exhibit D.

29. By a Notice of Redemption sent by the Trustee to holders of the Notes, Series I Combination Notes and Preferred Shares dated as of February 14, 2007, the Trustee advised them that an optional redemption shall occur on February 28, 2007. A copy of the Notice of Redemption is attached hereto as Exhibit E.

30. In a letter to Franklin Advisers dated February 6, 2007, James C. McCarroll, Esq. of Reed Smith LLP ("McCarroll"), counsel for CDO Plus Master Fund, Ltd., asserted that CDO Plus Master Fund, Ltd. represented the holders of the Majority of Preferred Shares of Franklin Ltd. and that his client "believes that [Franklin Advisers is] not entitled to any payment in respect of a Contingent Collateral Management Fee ..." A copy of this letter is attached hereto as Exhibit F.

31. McCarroll, in a subsequent letter dated February 9, 2007 to Franklin Advisers, further stated that the Majority Preferred Shareholders believed that no Contingent

Collateral Management Fee should be paid to Franklin Advisers because Article 9 of the Indenture, which addresses redemptions, does not provide for the payment of a Contingent Collateral Management Fee on the Redemption Date. According to the Majority Preferred Shareholders, the Contingent Collateral Management Fee "is to be paid, if at all, on Distribution Dates, and not the Redemption Date." A copy of this letter is attached hereto as Exhibit G.

32. In a letter dated February 14, 2007, counsel for Franklin Advisers (Kevin P. Kundra of Stradley Ronon Stevens & Young, LLP) responded to McCarroll's February 6 and 9, 2007 letters, by stating, among other things, that Franklin Advisers is entitled to a payment of a Contingent Collateral Management Fee on the Redemption Date. Franklin Advisers claims that "[p]ayments made on a Redemption Date are made pursuant to the same Priority of Payments set forth in Section 11.1 just as with every other Distribution Date." Counsel for Franklin Advisers further asserted that "pursuant to Section 10(b) of the Collateral Management Agreement, Franklin reserves the right to seek indemnification from the Issuer, which will result in reduction of the amounts otherwise payable to holders of the Preferred Shares on the Redemption Date, with respect to any and all costs, expenses or other liabilities (including attorneys' fees and costs) related to the resolution of any disputes . . . with respect to interpretation of Franklin's rights and obligations under the Collateral Management Agreement and Indenture." A copy of this letter is attached hereto as Exhibit H.

33. The Trustee has received a Contingent Collateral Management Fee Certification dated February 26, 2007 (the "Certification") from Franklin Advisers in accordance with Section 11.1(e) of the Indenture. A copy of the Certification is attached hereto as Exhibit I.

34. As indicated in the Certification, Franklin Advisers has certified, based on its calculations, that it is owed $7,220,205.00 as its Contingent Collateral Management Fee as of February 28, 2007, the Redemption Date.

35. In accordance with the Notice of Redemption, Franklin Advisers has liquidated the collateral. On February 28, 2007, the Trustee intends to make the following partial and undisputed payments from the liquidated proceeds in accordance with the Indenture: (1) from interest proceeds received on the underlying collateral: (a) $199,330.72 for first priority Administrative Expenses; (b) $132,395.66 for Base Collateral Management Fee; (c) $7,893,382.78 for accrued interest on the Class A, B and C Notes; (d) $75,193.47 for second priority Administrative Expenses; (e) $529,582.66 for Subordinated Collateral Management Fee; (f) $128,340.68 for Class C-2 First Additional Interest; (g) $2,338,652.33 to the Preferred Shareholders; and (h) $5,704.03 for the Series I Preferred Share Component of the Series 1 Combination Security; and (2) from principal proceeds received on the underlying collateral: $509,500,000 for principal on the Class A, B and C Note as well as the Series I Note Component of the Series 1 Combination Security.

36. The Trustee has been informed by Franklin Advisers that it does not dispute that interest proceeds received on the underlying collateral are not being applied to payment of the Contingent Collateral Management Fee on February 28, 2007 because, according to Franklin Advisers, the IRR on the Preferred Shares does not reach 12% until application of the foregoing interest proceeds.

37. The Trustee intends to deposit the funds remaining after making the distributions above, totaling $28,249,181.73 (the "Funds"), into the registry of the Court. The

Funds represent (1) the $7,220,205.00 claimed by Franklin Advisers for its Contingent Collateral Management Fee as represented in the Certification; (2) a claim for reimbursement by the Collateral Manager, which the Collateral Manager has been unwilling estimate; and (3) the legal fees and expenses of the Trustee in connection with the Interpleader Complaint. There will be additional money received by the Trustee resulting from the sale of the collateral which will also be deposited with the registry of the Court from time to time. Moreover, the amount due and owing to the Holders of the Preference Shares, the Series I Combination Security (with respect to the Series I Preferred Share Component) and the Class C-2 Notes (with respect to the Class C-2 Additional Interest) cannot be finally determined until the claims asserted by Franklin Advisers and the expenses associated with this Interpleader action are finally determined.

## CLAIM FOR RELIEF
### (Statutory Interpleader Pursuant to 28 U.S.C. § 1335(a))

38. The Trustee repeats and realleges each and every allegation of paragraphs 1 through 37 of this Interpleader Complaint, as if fully set forth herein.

39. The Trustee acknowledges that the Funds, in the sum of $28,249,181.73, are now due and payable to Franklin Advisers or to the Preferred Shareholders, Series I Combination Note Holders, and the Holders of Class C-2 Notes.

40. The Trustee claims no beneficial interest in the sum of $28,249,181.73, and is a mere stakeholder except to the extent it is entitled to recover its attorneys fees and expenses from the interpleaded fund.

41. Unless the conflicting and adverse claims to the sum of $28,249,181.73, are disposed of in a single proceeding, the Trustee will be subject to multiple litigation. In addition, there is a substantial risk that duplicative or inconsistent rulings on liability for payment will result.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment:

A. Enjoining all parties from instituting or pursuing any proceedings in any Court, federal or state, against the Trustee for the recovery of all or part of the Funds in issue before the Court.

B. Requiring the Defendants to interplead and settle between themselves their rights to the Funds.

C. Discharging the Trustee from any and all liability to the defendants with respect to the Funds;

D. Awarding the Trustee its costs and attorneys' fees incurred in prosecuting this action;

E.  Granting the Trustee such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 28, 2007

                                    BRYAN CAVE LLP

                                    By: _____
                                    Dennis C. Fleischmann (DF 5663)
                                    John D. Kircher (JK 7887)
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    (212) 541-2000
                                    *Attorneys for Interpleader Plaintiff The Bank of New York Trust Company, N.A.*

NY/N000059/1370721.4