# EXHIBIT A

CLEARY GOTTLIEB STEEN & HAMILTON LLP

NEW YORK

February 27, 2007

MEMORANDUM FOR THE BANK OF NEW YORK TRUST COMPANY, AS TRUSTEE

Re:  Indenture dated as of July 26, 2001 (the "Indenture") among The Bank of
New York Trust Company, National Association, as trustee (the "Trustee"),
Franklin CLO II, Ltd., as issuer (the "Issuer") and Franklin CLO II, Corp.,
as co-issuer

You have asked for our views, as the counsel principally engaged in the original drafting
of the Indenture referred to above, concerning the interpretation of certain provisions of the
Indenture with respect to the specific issues addressed below.  Given the time constraints, we
have not performed an exhaustive analysis, and the brief discussion below does not purport to be
comprehensive.  However, we have reviewed the relevant provisions of the Indenture and copies
you have provided of correspondence between Reed Smith LLP, as counsel to CDO Plus Master
Fund, Ltd., and Stradley Ronan Stevens & Young LLP, as counsel to Franklin Advisers, Inc. (the
"Collateral Manager").  Capitalized terms used but not defined herein shall have the meanings
specified in the Indenture.

1.  Is the Contingent Collateral Management Fee payable on the final Redemption
Date?

We believe that the better interpretation of the Indenture is that the Contingent Collateral
Management Fee is payable on the final Redemption Date.  Once an Optional Redemption has
been called pursuant to Section 9.2, all Collateral Obligations are to be sold by the Issuer as
directed by the Collateral Manager pursuant to Section 12.1(c).  The definition of "Sales
Proceeds" includes the proceeds of any Collateral Obligations sold pursuant to Section 12.1, and
therefore, all proceeds from the sale of Collateral Obligations in anticipation of an Optional
Redemption are Sales Proceeds.  According to the definitions of "Principal Proceeds" and
"Interest Proceeds", all Sales Proceeds are either Principal Proceeds or Interest Proceeds.  All
Interest Proceeds and Principal Proceeds are deposited into the relevant Collection Account, and
under Section 11.1 and Article X, are to be paid out according to the Priority of Payments on the
next succeeding Distribution Date.  Pursuant to Section 9.1(a), a Redemption Date must be a
Distribution Date.  Hence, the Indenture contemplates that a Redemption Date is to be treated as
a Distribution Date and all Sales Proceeds from the sale of the Collateral Obligations are to be
paid out according to the Priority of Payments on that date.  The Contingent Collateral
Management Fee is part of the Priority of Payments and is therefore payable on the final
Redemption Date.  When Section 9.1(e) directs funds to be distributed on a Redemption Date to
the Preferred Shares "after payment of the Notes and the expenses of the Co-Issuers", it can only

be the Priority of Payments that governs the payment of the Notes and the Co-Issuers' expenses, which include the Contingent Collateral Management Fee.

      2.  <u>May the Contingent Collateral Management Fee be paid on the same payment date as the date on which the internal rate of return (the "IRR") received by the holders of the Preferred Shares achieves for the first time 12%?</u>

We believe that the better interpretation of the Indenture is that the Contingent Collateral Manager Fee may (and should) be paid on the Distribution Date on which the IRR received by the Preferred Shares achieves 12% for the first time. The definition of "Contingent Collateral Management Fee" provides that the Contingent Collateral Management Fee is payable "*on each Distribution Date* only to the extent that…the holders of the Preferred Shares have received an internal rate of return of 12% per annum…for the period from the Closing Date *through such Distribution Date*" (emphasis added). In other words, distributions made on a given Distribution Date are to be taken into account when calculating whether the 12% IRR target has been met so that the Contingent Collateral Management Fee can be paid on that Distribution Date. Although there is an intervening step in the Priority of Payment between the payment of the Contingent Collateral Management Fee and payments to the Preferred Shares, the definition of "Contingent Collateral Management Fee", in the second proviso, takes into account the eventual payment to the Preferred Shares required to achieve the 12% IRR hurdle and deducts this amount from the Contingent Collateral Management Fee payable to the Collateral Manager. Hence, the Indenture contemplates on each Distribution Date a simultaneous calculation of the amount that will be paid to the holders of the Preferred Shares and, if this amount is greater than the 12% IRR hurdle, the Contingent Collateral Management Fee that will be payable to the Collateral Manager on that Distribution Date.

      3.  <u>When does the Contingent Collateral Management Fee begin to accrue and does it accrue even if there are no funds available to pay such fee in accordance with the Priority of Payments on previous Distribution Dates?</u>

We believe that the better interpretation of the Indenture is that the Contingent Collateral Management Fee accrues for each applicable period at the stated rate whether or not it may be paid on the related Distribution Date under the two provisos to the definition of "Contingent Collateral Management Fee". Under clause (ii) of the first proviso to the definition of "Contingent Collateral Management Fee," the Contingent Collateral Management Fee may not be paid on a given Distribution Date if there are insufficient funds available for that purpose. If the intended effect of this provision were that Contingent Collateral Management Fees that could not be paid due to lack of funds would be forfeited or would not accrue in the first place, there would be no need for the language in the second proviso of the definition of "Contingent Collateral Management Fee", which refers to Contingent Collateral Management Fees "accrued for prior Due Periods but not paid on any prior Distribution Date", or for the language in Section 11.1(a)(i)(O)(2), which provides for the payment of "accrued and unpaid Contingent Collateral Management Fees accrued on prior Distribution Dates".

      4.  <u>Does the 40% cap apply on earlier Distribution Dates to cap the amount which accrues on each such earlier Distribution Date or does the 40% cap apply only on</u>

<u>the total Contingent Collateral Management Fee to be paid out on February 28, 2007 as the final Redemption Date?</u>

We believe that the better interpretation of the Indenture is that the 40% cap mentioned in the second proviso of the definition of "Contingent Collateral Management Fee" applies to limit the amount of Interest Proceeds and Principal Proceeds that may be used on any Distribution Date (including the Redemption Date) to pay accrued Contingent Collateral Management Fees, but does not limit the amount of the fee that accrues in any period. Of course, the effect of this provision on the final Distribution Date (including the Redemption Date) will be that any Contingent Collateral Management Fees that cannot be paid due to the 40% cap will never be paid, and we believe that is also the intended result. We believe that this provision represents an economic compromise between the Collateral Manager and the holders of the Preferred Shares as to how available gains are to be divided once the 12% IRR hurdle is reached. In effect, once this hurdle is reached, 60% of each additional dollar of Interest Proceeds or Principal Proceeds goes to the holders of the Preferred Shares and 40% of each additional dollar goes to the Collateral Manager, and any previously accrued but unpaid amount that is not paid carries over to the next Distribution Date (or is extinguished if it remains unpaid on the Redemption Date).

Raymond B. Check
Ranbir Hira