UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

THE BANK OF NEW YORK TRUST COMPANY,   :
N.A., AS TRUSTEE,   :
                              Interpleader Plaintiff,   :
  :

           -against-   :
  :

FRANKLIN ADVISERS, INC., FRANKLIN   :     Case No. 07-CV-1746 (VM)
CLO II, LTD., FRANKLIN CLO II, CORP., CDO   :
PLUS MASTER FUND, LTD., CHASE MANHATTAN   :
BANK LONDON NOMINEE FOR SEIRA 13 as a   :     **ANSWER AND**
nominee, DEUTSCHE BANK SECURITIES INC. as a   :     **CROSS-CLAIM OF**
nominee, GENSEC IRELAND LIMITED as a nominee,   :     **TEMPLETON GLOBAL**
HARE & CO. as a nominee, MAC & CO. as a nominee,   :     **ADVISORS, LTD._____**
MASSACHUSETTS MUTUAL LIFE INSURANCE CO.   :
as a nominee, MERRILL LYNCH, PIERCE, FENNER &   :
SMITH INC. as a nominee, SUN LIFE ASSURANCE   :
CO. OF CANADA as a nominee, TEMPLETON   :
GLOBAL ADVISORS, LTD. as a nominee, AND   :
  :
"JOHN DOE #1" through "JOHN DOE #12," the   :
last twelve names being fictitious and unknown to   :
plaintiff, the persons or parties intended being the   :
beneficial owners of the Preferred Shares, the   :
Series I Combination Security, and the Class C-2 Notes   :
under the Indenture as more fully described in the   :
Complaint,   :
                       Interpleader Defendants.   :
  :

------------------------------------------------------------------ X

     Defendant-in-interpleader Templeton Global Advisors, Limited ("TGAL"), by its attorneys

Schindler Cohen & Hochman LLP, answers the complaint-in-interpleader of plaintiff-in-interpleader

The Bank of New York Trust Company, N.A. ("Bank of New York"), and asserts cross-claims

against all defendants-in-interpleader, as follows:

### As To Nature Of Action

    1.     TGAL admits the allegations of Paragraph 1.

2.      TGAL admits the allegations of Paragraph 2.

3.      TGAL admits the allegations of Paragraph 3, and respectfully refers the Court to the document referred to therein for the contents thereof.

4.      The first sentence of Paragraph 4 states a legal conclusion to which no answer is necessary.  TGAL denies the allegations of Paragraph 4, except admits that CDO Plus Master Fund, Ltd. ("CDO Plus"), purporting to act on behalf of a majority of preferred shareholders, has informed the Trustee[1] that it disputes Defendant-in-Interpleader Franklin Advisers, Inc.'s ("Franklin Advisers") entitlement to receive the Contingent Collateral Management Fee due to it under the Indenture.

5.      Paragraph 5 states a legal conclusion to which no responsive pleading is required.

## As To The Parties

6.      TGAL admits, on information and belief, the allegations contained in Paragraph 6.

7.      TGAL admits the allegations of Paragraph 7.

8.      TGAL admits the allegations of Paragraph 8.

9.      TGAL admits the allegations of Paragraph 9.

10.     TGAL admits, on information and belief, the allegations contained in Paragraph 10.

11.     TGAL admits, on information and belief, the allegations contained in Paragraph 11.

12.     TGAL admits, on information and belief, the allegations contained in Paragraph 12.

13.     TGAL admits, on information and belief, the allegations contained in Paragraph 13.

14.     TGAL admits, on information and belief, the allegations contained in Paragraph 14.

15.     TGAL admits, on information and belief, the allegations contained in Paragraph 15.

16.     TGAL admits, on information and belief, the allegations contained in Paragraph 16.

---

[1]      Capitalized terms not defined herein are defined as set forth in the Indenture referred to in the Interpleader Complaint.

17.     TGAL denies the allegations contained in Paragraph 17, except admits that it is a Holder of Preferred Shares of Franklin CLO II, Ltd. and has an address of P.O. Box N-7758, Lyford Cay, Nassau, Bahamas.

18.     TGAL admits, on information and belief, the allegations contained in Paragraph 18.

19.     TGAL admits, on information and belief, the allegations contained in Paragraph 19.

20.     TGAL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     TGAL admits, on information and belief, the allegations of Paragraph 21 that some or all of the other defendants-in-interpleader may have an interest in a portion of the funds deposited with the registry of the Court, and TGAL states that it is entitled to its *pro rata* share – approximately 19.6% – of the funds remaining with the registry of the Court after payment of the Contingent Collateral Management Fee and other costs and expenses owed to Franklin Advisers and the amounts due to the Class C-2 Notes.

### As To Subject Matter Jurisdiction And Venue

22.     Paragraph 22 states legal conclusions to which no answer is necessary.  To the extent an answer is necessary, TGAL admits the allegations contained in Paragraph 22.

23.     Paragraph 23 states a legal conclusion to which no answer is necessary.  To the extent an answer is necessary, TGAL admits the allegations contained in Paragraph 23.

### As To The Facts

24.     TGAL admits, on information and belief, the allegations contained in Paragraph 24.

25.     TGAL admits the allegations contained in Paragraph 25.

26.     TGAL admits the allegations contained in Paragraph 26, and respectfully refers the Court to the document referred to therein for the contents thereof.

27.     TGAL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and respectfully refers the Court to the document referred to therein for the contents thereof.

28.     TGAL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and respectfully refers the Court to the document referred to therein for the contents thereof.

29.     TGAL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, but admits that TGAL received a Notice of Redemption dated February 14, 2007, and respectfully refers the Court to such Notice for the contents thereof.

30.     As to Paragraph 30, TGAL admits that James C. McCarroll, Esq. of Reed Smith LLP ("McCarroll"), counsel for CDO Plus, sent a letter to Franklin Advisers, dated February 6, 2007, and respectfully refers the Court to such letter for the contents thereof.

31.     As to Paragraph 31, TGAL admits that McCarroll sent a letter to Franklin Advisers, dated February 9, 2007, and respectfully refers the Court to such letter for the contents thereof.

32.     TGAL admits, on information and belief, the allegations contained in Paragraph 32, and respectfully refers the Court to the document referred to therein for the contents thereof.

33.     TGAL admits, on information and belief, the allegations contained in Paragraph 33, and respectfully refers the Court to the document referred to therein for the contents thereof.

34.     As to Paragraph 34, TGAL admits, on information and belief, that Franklin Advisers has certified, based on its calculations, that it was owed $7,220,205.60 as its Contingent Collateral Management Fee as of February 28, 2007, and TGAL respectfully refers the Court to the document referred to therein for the contents thereof.

35.     TGAL admits, on information and belief, the allegations contained in the first sentence of Paragraph 35, and states, on information and belief, that the Trustee made certain payments of proceeds on or about February 28, 2007.

36.     TGAL denies, on information and belief, the allegations contained in Paragraph 36.

37.     TGAL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, but states that on or about February 28, 2007 the Trustee deposited approximately $28.2 million into the registry of the Court, and admits the allegations of the last sentence of Paragraph 37.

<u>As To The Claim For Relief</u>
**(Statutory Interpleader Pursuant to 28 U.S.C. § 1335(a))**

38.     TGAL repeats and realleges its responses to Paragraphs 1 through 37 as if fully set forth herein.

39.     TGAL denies the allegations contained in Paragraph 39 except it admits that it is entitled, from the funds deposited with registry of the Court, to payment of its *pro rata* share, which amounts to approximately 19.6%, of such funds pursuant to the terms of the Indenture after payment (i) to Franklin Advisers of the Contingent Collateral Management Fee and costs and expenses (including legal fees) incurred in connection with defending this Interpleader action and (ii) the amounts due to the Class C-2 Notes.

40.     Paragraph 40 states a legal position to which no responsive pleading is required.

41.     Paragraph 41 states a legal conclusion to which no responsive pleading is required.

**CROSS-CLAIM AGAINST ALL DEFENDANTS-IN-INTERPLEADER**
**(seeking declaratory relief, pursuant to 28 U.S.C. §§ 2201 and 2202)**

42.     As alleged in the complaint-in-interpleader, Franklin CLO II, Ltd. (the "Issuer"), issued certain securities by means of a collateralized debt offering (the "CLO II Transaction").  The

CLO II Transaction was governed, *inter alia*, by an Indenture among the Issuer, Franklin CLO II, Corp. (the "Co-Issuer"), and The Chase Manhattan Bank, dated July 26, 2001, (the "Indenture")[2].

43.     Defendant-in-interpleader TGAL is a Holder of Preferred Shares ("Preferred Shareholder") and owns approximately 19.6% of the outstanding Preferred Shares of the Issuer.

44.     Pursuant to the terms of the Indenture and other documents governing the CLO II Transaction, TGAL is entitled, from the funds deposited with registry of the Court, to payment of its *pro rata* share of such funds after payment (i) to Franklin Advisers of the Contingent Collateral Management Fee and costs and expenses (including legal fees) incurred in connection with defending this Interpleader action and (ii) the amounts due to the Class C-2 Notes.

### Parties

45.     Defendant-in-interpleader and cross-claimant TGAL is a Preferred Shareholder of the Issuer and has an address of P.O. Box N-7758, Lyford Cay, Nassau, Bahamas.

46.     Defendant-in-interpleader and cross-defendant Franklin Advisers is a California corporation with its principal place of business at One Franklin Parkway, Building 920, 1st Floor, San Mateo, California 94403 and is the Collateral Manager for the CLO II Transaction.

47.     Defendant-in-interpleader and cross-defendant Franklin CLO II, Ltd. is an exempted limited liability company incorporated under the laws of the Cayman Islands with an address at c/o Deutsche Bank (Cayman), P.O. Box 1984 GT, Elizabethan Square, Grand Cayman, Cayman Islands, BWI and is the Issuer under the Indenture.

48.     Defendant-in-interpleader and cross-defendant Franklin CLO II, Corp. is a corporation organized under the laws of the State of Delaware with an address at c/o Puglisi & Associates, 850 Library Avenue, Suite 204, Newark, Delaware 19711 and is the Co-Issuer under the Indenture.

---

[2]     Exhibit A to the Interpleader Complaint.

49.     On information and belief, defendant-in-interpleader and cross-defendant CDO Plus is an Isle of Jersey exempted corporation and is a Preferred Shareholder of the Issuer, which has an address of Le Masurier House, St. Helier JE2 4YE Jersey, Channel Islands and which was formed on June 13, 2006.

50.     On information and belief, defendant-in-interpleader and cross-defendant Chase Manhattan Bank London Nominee for Seira 13 is a nominee for certain Preferred Shareholders of the Issuer and has an address of P.O. Box 1984GT, Elizabethan Square, Grand Cayman, Cayman Islands BWI.

51.     On information and belief, defendant-in-interpleader and cross-defendant Deutsche Bank Securities Inc. is a nominee for certain Preferred Shareholders of the Issuer and is located at 1251 Avenue of the Americas, 25th Floor, New York, NY 10020.

52.     On information and belief, defendant-in-interpleader and cross-defendant Gensec Ireland Limited is a nominee for certain Preferred Shareholders of the Issuer and is located at 2A Parkview House, Beech Hill Road, Dublin, Ireland, IR 4.

53.     On information and belief, defendant-in-interpleader and cross-defendant Hare & Co., is a nominee for certain Preferred Shareholders of the Issuer and has an address of C/O The Bank of New York, P.O. Box 11203, New York, NY 10286 and C/O The Bank of New York, Income Collection Department, P.O. Box 11203, New York, NY 10249.

54.     On information and belief, defendant-in-interpleader and cross-defendant Mac & Co. is a nominee for certain Preferred Shareholders of the Issuer and has an address of Attn: MBS Income Unit, P.O. Box 3195, Pittsburgh, PA 15230-3195.

55.     On information and belief, defendant-in-interpleader and cross-defendant Merrill Lynch, Pierce, Fenner & Smith Inc. is a nominee for certain Preferred Shareholders of the Issuer

and has an address of Dividend & Interest Department, 101 Hudson Street, 9th Floor, Jersey City, NJ 07302.

56.     On information and belief, defendant-in-interpleader and cross-defendant Massachusetts Mutual Life Insurance Co. is the nominee for the holders of the Series I Combination Security shares of the Issuer and has an address of C/O David L. Babson & Company Inc., 1295 State Street, Springfield, MA 01111.

57.     Defendants-in-interpleader and cross-defendants "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to the Trustee and TGAL, are intended to be the persons or parties being the beneficial owners of the Preferred Shares, the Series I Combination Security, and the Class C-2 Notes under the Indenture.

58.     The cross-claim defendants have, or may have, an interest in some portion of the funds deposited with the registry of the Court.

### Subject Matter Jurisdiction And Venue

59.     The Court has jurisdiction over this statutory interpleader cross-claim pursuant to the provisions of 28 U.S.C. § 1335(a) because: (i) there is a diversity of citizenship between several of the defendants-in-interpleader, including Franklin Advisers and CDO Plus; (ii) the value of the funds at issue exceeds $500.00; and (iii) the Trustee has deposited the amount in dispute into the registry of the Court.

60.     This Court is the proper venue for this action under 28 U.S.C. § 1397 because at least one defendant-in-interpleader and cross-claim defendant, Deutsche Bank Securities, Inc., is a resident within this judicial district.

## TGAL is Entitled to its *Pro Rata* Share of Principal Proceeds

61.     On or about the Closing Date, TGAL purchased approximately $8 million of Preferred Shares of the Issuer and thereby became the owner of approximately 19.6% of the equity in the Issuer.

62.     Pursuant to the Indenture, upon an Optional Redemption, all Interest Proceeds and Principal Proceeds flowing from the Collateral are to be distributed according to two sets of detailed Priorities of Payments (also known as "waterfalls").  (*See generally* Indenture § 11.1(a) (listing the Priority of Payments for interest proceeds and principal proceeds).)  Such an Optional Redemption occurred on or about February 28, 2007.

63.     TGAL is a Preferred Shareholder and upon the Optional Redemption Date was, therefore, entitled to distributions in connection with the steps at the bottom of the respective waterfalls for the payment of the Interest Proceeds and Principal Proceeds.

64.     Specifically, TGAL owns approximately 19.6% of the outstanding Preferred Shares of the Issuer.  Pursuant to the terms of the Indenture and the Preferred Share Documents, TGAL is therefore entitled to approximately 19.6% of the interpled funds remaining after payment of the appropriate fees to Franklin Advisers and the amounts due to the Class C-2 Notes.[3]

65.     Based on the foregoing, and because amounts owed to TGAL have been deposited with the Court, there is an actual, justiciable controversy.

---

[3]     Pursuant to the Indenture, the Preferred Shareholders are entitled to receive the Interest Proceeds and Principal Proceeds remaining after payments to the Class C-2 Notes and Franklin Advisers receives payments owed under the Indenture's Priorities of Payments (*i.e.* fees and expenses (including attorneys' fees arising out of this action) and the Contingent Collateral Management Fee). (Indenture §§ 11.1(a)(i)(Q), 11.1(a)(ii)(L).)  TGAL believes that Franklin Advisers is entitled to receive its fees and expenses and the Contingent Collateral Management Fee pursuant to the terms of the Indenture and the circumstances surrounding the Optional Redemption.

**WHEREFORE,** defendant-in-interpleader and cross-claimant TGAL demands judgment:

a.      Declaring that TGAL is entitled to its *pro rata* share of the interpled funds remaining after payment of the amounts due to Franklin Advisers, in accordance with the terms of the Indenture and Preferred Share Documents;

b.      Directing the Clerk to pay to TGAL its *pro rata* share of the interpled funds remaining after payment of the amounts due to Franklin Advisers, in accordance with the terms of the Indenture and Preferred Share Documents; and

c.      For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 20, 2007

SCHINDLER COHEN & HOCHMAN LLP

By: ___s/ Jonathan L. Hochman_____
        Jonathan L. Hochman (JH 7072)
        Matthew A. Katz (MK 4252)

100 Wall Street, 15th Floor
New York, New York 10005
Telephone: (212) 277-6300
Facsimile:  (212) 277-6333

*Attorneys for Templeton Global Advisors, Ltd.*